UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ORTHOARM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-730 CAS |
| | ) | |
| FORESTADENT USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on plaintiff Orthoarm, Inc.'s motion to compel defendant Forestadent USA, Inc. ("Forestadent USA") to produce certain documents in response to plaintiff's Requests for Production Nos. 35, 36, 37, and 38. The parties appeared before the Court for oral argument on this motion on June 7, 2007. For the following reasons, the Court will grant Orthoarm's motion to compel.

**Background**.

The Requests at issue seek documents in the possession, custody and control of Forestadent USA, including documents of its "parents, subsidiaries and affiliates." The Requests seek financial information of Forestadent USA and its German parent corporation, which Orthoarm asserts is related to the calculation and proof of damages due to sale of the accused devices in the United States.[1] The main issue presented by the motion to compel is whether Forestadent USA has

---

[1] 1. Request No. 35 seeks documents concerning "monthly, quarterly and annual financial statements, balance sheets, income statements, and sources and uses of funds statements, whether audited or unaudited for the past five years."

2. Request No. 36 seeks documents concerning "budgets, sales forecasts, revenue forecasts, statements of objectives, business plans, marketing plans, or strategic plans."

"possession, custody, or control" over the requested documents of its parent company, Bernhard Foerster, Gmbh ("Forestadent Germany").

Forestadent Germany owns 100% of Forestadent USA, and the shareholders of Forestadent Germany are the Board members and/or officers of Forestadent USA. Forestadent Germany designed and manufactures the accused devices in Germany, and distributes the accused devices in the United States by selling them to its subsidiary and first-line distributor Forestadent, which then resells the devices to sub-distributors and end users. Forestadent Germany makes financial decisions regarding purchase and sale of the accused devices for distribution in the U.S. The sale of the accused devices from Forestadent Germany to Forestadent USA is controlled primarily by Forestadent Germany, and Forestadent USA reaps a "very low" profit margin on the transaction which is not a reflection of natural market conditions, but rather is a predetermined amount dictated by Forestadent Germany.

Because of the common ownership, overlapping management and corporate structures and financial relationship of Forestadent USA and Forestadent Germany, Orthoarm contends that financial information relating solely to defendant Forestadent USA does not reflect the true benefit reaped from sales of the accused devices. Orthoarm contends that Forestadent Germany's financial information is required to accurately determine the proof of damages, i.e., the profit being made by sales of the accused devices in the United States. Orthoarm also asserts that Forestadent USA has produced other, non-financial documents from Forestadent Germany, which shows that Forestadent

---

3. Request No. 37 seeks documents concerning "revenues and/or costs of production, distribution and sales associated with [the accused product]."

4. Request No. 38 seeks documents concerning "any profit margin (gross and/or net) associated with sales of [the accused product]."

2

USA has control over the parent's documents, and cannot selectively determine which requested documents to produce.

Forestadent opposes the motion, arguing that (1) it has produced sufficient documents in response to the Requests for Production concerning the issues of the sales and profit margins respecting the accused devices, (2) the financial documents of its parent corporation are not within its "possession, custody or control" because it has no legal right to obtain the documents upon request, and therefore Orthoarm's Requests are beyond the power of the Federal Rules to reach; and (3) the parent corporation's financial records are irrelevant to this action because the only relevant financial information is that which relates to sales of the accused devices in the United States where the patent may be enforced.

**Legal Standard**.

The Eighth Circuit has instructed that "[t]he rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'" Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Rule 34(a) requires a party to produce not only those documents within its possession or physical custody, but also responsive documents that are within the party's "control." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 635 (D. Minn. 2000) (citing Fed. R. Civ. P. 34). Control is defined broadly as the "ability to obtain upon demand documents in the possession of another." Id. at 636. The party to whom the discovery is directed need not have legal ownership or actual physical possession, but rather a "practical ability" to obtain the documents. Id.

**Discussion**.

In the context of a parent/subsidiary relationship, "control" is determined by considering: (1) the corporate structures of the party to whom the discovery is directed and the non-party in physical possession of the requested documents, (2) the non-party's connection to the subject matter of the litigation, and (3) whether the non-party will feel the benefits or burdens of any award in the case. Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D. 127, 130 (D. Del. 1986).

Under this analysis, numerous courts have found that the documents of a parent company are within the "control" of a subsidiary and are therefore subject to production, particularly when the parent company is producing the product accused of patent infringement. See, e.g., Camden Iron & Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438, 443 (D.N.J. 1991) (ordering wholly owned subsidiary to produce documents of parent corporation); Afros S.P.A., 113 F.R.D. at 130 (concluding that documents of a non-party parent corporation were in the control of the alleged infringing corporation because of overlapping officers, directors, and employees, the parent corporation's involvement in the manufacture of the accused product, and the financial impact a ruling on patent infringement would have on the parent corporation). This is true even where the non-party parent corporation is a foreign company. See, e.g., M.L.C., Inc. v. North Am. Philips Corp., 109 F.R.D. 134, 138 (S.D.N.Y. 1986) (ordering production of contracts physically held by German parent company); Afros S.P.A., 113 F.R.D. at 129-31 (ordering production of documents physically held by German parent company).

Under the three-part test set forth above, the Court concludes that the requested financial documents of Forestadent Germany are within Forestadent USA's possession, custody and control and must be produced. First, the overlapping corporate structure of the two companies weighs

4

heavily in favor of a finding of control for the purpose of document production. Forestadent USA is a wholly-owned subsidiary of Forestadent Germany. The owners of Forestadent Germany (Messrs. Stefan, Gerhard, and Rolf Forster) are officers and members of the Board of Directors of Forestadent USA. Thus, the two companies have "interlocking management structures" which is a key factor in determining control. See Afros, 113 F.R.D. at 129. In addition, Forestadent USA has produced other documents of Forestadent Germany without any claim that Forestadent USA did not have possession, custody or control of those documents, thereby demonstrating the ability to obtain documents from the parent company upon request.

Second, Forestadent Germany is the designer, developer, and manufacturer of the accused devices and Forestadent USA acts as the first-line distributor of the devices for all sales in the United States. Forestadent Germany's involvement in the design, development and manufacture of the accused devices and its status as a related party to Forestadent USA makes access to Forestadent Germany's financial documents essential to an accurate damage calculation in this case. The manner in which related parties allocate expenses and profits and the transfer price of the accused product are considerations that must be taken in to account to determine how much the infringer has profited as a result of the infringement. Forestadent Germany's connection to this litigation is highlighted by the fact that Forestadent USA has either produced or agreed to produce documents of Forestadent Germany related to the development, design and production of the accused product. Forestadent Germany's design, development, and production of the accused device weighs heavily in favor of a finding of control. See Afros, 113 F.R.D at 131 (citing In re Uranium Antitrust Litigation, 480 F. Supp. 1138 (N.D. Ill. 1979)).

Third, a ruling in this case that Forestadent USA infringes upon Orthoarm's patent rights would seriously affect Forestadent Germany, as all sales of the infringing product in the United States would cease. As a result, both Forestadent Germany and Forestadent USA will be affected by a ruling in this litigation, and therefore the companies should not be allowed to "frustrate the discovery process and the complete resolution of the issues by refusing to furnish documents in its possession." Id. at 131 (citing Soletanche and Rodio, Inc. v. Brown & Lambrecht Earth Movers, Inc., 99 F.R.D. 269, 272 (N.D. Ill. 1983)).

**Conclusion**.

For these reasons, the Court concludes that Forestadent USA has "control," for purposes of Rule 34, of the financial documents of Forestadent Germany as requested by Orthoarm. Orthoarm's motion to compel production of documents should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Orthoarm, Inc.'s motion to compel production of documents is **GRANTED**. [Doc. 55]

**IT IS FURTHER ORDERED** that defendant Forestadent USA, Inc. shall produce all documents in its possession, custody or control which are responsive to Orthoarm's Document Requests Nos. 35, 36, 37 and 38, including but not limited to documents of Forestadent Germany, within five (5) days of the date of this Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of June, 2007.