UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORTHOARM, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-730 CAS |
| ) | |
| FORESTADENT USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter came before the Court for hearing on plaintiffs' motions to strike the declarations of Stefan Foerster and Michael Wessinger, and plaintiffs' motion for summary judgment. As announced in open court, the Court will grant plaintiffs' motion to strike the Declaration of Stefan Foerster and deny the motion to strike the Declaration of Michael Wessinger. The Court takes under submission the motion for summary judgment.

**Foerster Declaration**.

Plaintiffs took the deposition of Mr. Stefan Foerster in May 2007 as the Rule 30(b)(6) representative of defendant Forestadent. Prior to the Rule 30(b)(6) deposition, plaintiffs put Forestadent on notice in accordance with the Federal Rules that the corporate designee should be prepared to testify about all aspects of the accused Forestadent Orthodontic Brackets, including research, development and conception; interpretation of drawings, specifications and instructions; and all facts relating to Forestadent's allegation that the Forestadent Orthodontic Brackets do not infringe on the '715 patent.

At the Rule 30(b)(6) deposition, the defendants stipulated that Mr. Foerster was designated to testify on behalf of Forestadent regarding the 30(b)(6) Notice and was prepared to testify with

respect to all of the subject matters set forth therein. At the Rule 30(b)(6) deposition, Mr. Foerster testified that he had "quite a lot" of knowledge regarding production of the Forestadent Quick Bracket ("Quick Bracket"). Mr. Foerster also testified at several distinct point in the 30(b)(6) deposition that the edges of the locking body or clip on the Quick Bracket contact the rib portions of the bracket when the clip is in the closed position.

In June 2007, plaintiffs submitted the expert report of Laurence Jerrold and Plaintiffs' Final Infringement Contentions, all of which relied in part on Mr. Foerster's Rule 30(b)(6) testimony. In preparing their motion for summary judgment, filed August 27, 2007, plaintiffs relied on Forestadent's clear 30(b)(6) testimony as to the edges of the locking body or clip contacting the rib portions of the Quick Bracket when the clip is in the closed position. See, e.g., Pls.' Statement of Material Facts, ¶ 32 (Doc. 79).

On October 10, 2007, defendants submitted the Foerster Declaration in response to plaintiffs' motion for summary judgment, for the sole purpose of contradicting Mr. Foerster's clear and unequivocal Rule 30(b)(6) testimony that there is contact between the edges of the locking body or clip on the Quick Bracket and the rib portions of the bracket when the clip is on the closed position. Although Forestadent was notified in advance of the Rule 30(b)(6) deposition that the corporate designee was to be prepared to answer questions regarding the technical design, manufacture and development of the Quick Bracket, and it stipulated that Mr. Foerster possessed such knowledge, Mr. Foerster states in the Declaration that he did not possess this knowledge, and "had never considered or knew exactly whether the clip touched these tabs" before. Foerster Decl., ¶ 6.

In the Declaration, dated approximately five months after Mr. Foerster's sworn testimony as the 30(b)(6) representative that the edges of the locking body or clip on the Quick Bracket contact

the rib portions of the bracket, Mr. Foerster asserts, "I have come to learn that I was mistaken. The clip never comes into contact with the tab." Id., ¶¶ 4, 5, 7. Mr. Foerster's explanation for the change in his testimony is that "I had never really thought of the question whether the clip came into contact with the tab because whether it did or didn't come into contact was irrelevant to the operation of the bracket." Foerster Decl., ¶ 7.

It is clear that the Foerster Declaration is directly contradictory to Mr. Foerster's Rule 30(b)(6) deposition testimony on the issue of whether the edges of the locking body or clip on the Quick Bracket contact the rib portions of the bracket. It is well established in the Eighth Circuit that an affidavit filed in opposition to a motion for summary judgment that directly contradicts the affiant's previous deposition testimony is insufficient to create a genuine issue of material fact under Rule 56. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1362 (8th Cir. 1983). In Camfield Tires, the Eighth Circuit explained the repercussions of permitting the filing of a contradictory affidavit after a deposition:

> The very purpose of summary judgment under Rule 56 is to prevent "the assertion of unfounded claims or the interposition of specious denials or sham defenses . . . ." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2712 (1983). If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own earlier testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

Id. at 1362.

The Eighth Circuit has cautioned, however, that district courts "must use extreme care in examining such issues and only grant summary judgment where 'the conflicts between the deposition and affidavit raise only sham issues.'" City of St. Joseph, Mo. v. Southwestern Bell Tel., 439 F.3d 468, 476 (8th Cir. 2006) (quoting Camfield Tires, 719 F.2d at 1366). As a result, "when the affiant

states in his affidavit that he was confused in his deposition or where the affiant needs to explain portions of his deposition testimony that were unclear, the district court should not strike the affidavit from the record." City of St. Joseph, 439 F.3d at 476.

A court should determine first whether the deposition testimony and subsequent affidavit are actually in conflict. Id. It should also consider whether deposition testimony reflects confusion on the part of the witness and the subsequent affidavit explains why the earlier testimony is in conflict with the affidavit. Id.; RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995). A court may also examine the circumstances surrounding the filing of an affidavit in determining whether it is a sham. For example, in City of St. Joseph, the district court found it "highly suspicious" that the contradictory affidavit was filed on the same day the party's opposition to a motion for summary judgment was due. Id. at 476. The court reasoned that the timing of the affidavit, combined with other factors, indicated that the party "engaged in last-minute effort to create a genuine issue of material fact" to preclude summary judgment. Id.

The Court agrees with plaintiffs that the Foerster Declaration is a sham affidavit which should not be considered on summary judgment. The Foerster Declaration directly contradicts Mr. Foerster's Rule 30(b)(6) deposition testimony. Mr. Foerster does not claim in the Declaration that he was confused in his deposition or that it was necessary to clarify any statements made in the deposition. Rather, he merely states that he "had never really thought of the question whether the clip came into contact with the tab because whether it did nor didn't come into contact was irrelevant to the operation of the bracket." Foerster Decl., ¶ 6. Mr. Foerster also claims in the Declaration that his training and responsibility are for sales and marketing, and that he does "not get involved in the technical design, manufacture or development of our products." Id., ¶ 5. Mr. Foerster, however, was

4

designated as Forestadent's 30(b)(6) representative, Forestadent stipulated that he possessed knowledge of the matters contained in the 30(b)(6) Notice, and Mr. Foerster testified that he had "quite a lot" of knowledge about the production of the Quick Bracket. Foerster Dep. at 56.

The Court finds that defendants have offered an insufficient explanation to justify permitting Mr. Foerster to directly contradict his Rule 30(b)(6) testimony that the edges of the locking body or clip on the Quick Bracket contact the rib portions of the bracket when the clip is in the closed position, particularly given that (1) Forestadent was responsible under Rule 30(b)(6) to provide a witness who was informed and prepared to testify on this exact issue; (2) Forestadent represented that Mr. Foerster was prepared to testify as to the matters listed in the 30(b)(6) Notice; and (3) Mr. Foerster testified unequivocally in the Rule 30(b)(6) testimony, and his testimony demonstrates no confusion or uncertainty on the issue. In addition, as in the City of St. Joseph case, it is suspicious that the Foerster Declaration was submitted in October 2007, months after the 30(b)(6) deposition, and only in response to plaintiffs' motion for summary judgment. Defendants were aware since June 2007, when plaintiffs submitted their Final Infringement Contentions and the Expert Report of Dr. Jerrold, that plaintiffs were relying in part on Mr. Foerster's testimony to support their infringement claim.

For these reasons, the Court will grant plaintiffs' Motion to Strike the Declaration of Stefan Foerster, and will not consider it in connection with the summary judgment motion.

**Wessinger Declaration**.

Plaintiffs also move to strike the deposition of Michael Wessinger, the Head of Research and Development for Bernhard Foerster GmbH, on two grounds. Plaintiffs assert that the Wessinger Deposition is (1) a sham affidavit manufactured to create a genuine issue of material fact; and (2)

5

comprised almost exclusively of expert testimony, although Mr. Wessinger was never disclosed by defendants as an expert witness.

Plaintiffs assert that they learned of Mr. Wessinger's identity through the deposition of another witness, and took Mr. Wessinger's deposition in Germany on August 22, 2007, six days before their motion for summary judgment was due. During Mr. Wessinger's deposition, plaintiffs learned for the first time that defendants would contend Mr. Foerster's 30(b)(6) testimony was inaccurate. Counsel informed the Court during the hearing that Mr. Wessinger's Declaration is consistent with his deposition testimony, unlike the Declaration of Stefan Foerster and Mr. Foerster's 30(b)(6) deposition testimony.

Although the Court will not permit Mr. Foerster to contradict his 30(b)(6) deposition testimony with a conflicting declaration for the reasons discussed above, Mr. Wessinger is free to testify differently from the way the 30(b)(6) representative testified. Although defendants are bound by the testimony of their 30(b)(6) representative, under the circumstances of this case the Court declines to hold that defendants may not introduce the declaration of a different witness, which is consistent with the witness' prior deposition testimony but conflicts with the testimony of the 30(b)(6) representative. This is particularly true because plaintiffs have been aware since August 22, 2007, prior to the filing of their summary judgment motion, that Mr. Wessinger's testimony directly conflicted with that of the 30(b)(6) representative.

The Court agrees with plaintiffs that Mr. Wessinger's Declaration contains expert testimony. In the exercise of its discretion, the Court concludes that the appropriate remedy is to grant defendants' alternative request for additional time to disclose a rebuttal expert witness. For these reasons, plaintiffs' motion to strike the Declaration of Michael Wessinger will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike the Declaration of Stefan Foerster is **GRANTED**. [Doc. 99]

**IT IS FURTHER ORDERED** that the Declaration is Stefan Foerster is **stricken** from the record and will not be considered in opposition to plaintiffs' motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike the Declaration of Michael Wessinger is **DENIED**. [Doc. 100]

**IT IS FURTHER ORDERED** that plaintiffs are granted until **December 27, 2007** to disclose rebuttal expert witness to respond to the expert testimony contained in the Declaration of Michael Wessinger.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of December, 2007.