UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ORTHOARM, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-730 CAS |
| | ) | |
| FORESTADENT USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment of Infringement of Claims 1, 3 and 12 of U.S. Patent 5,630,715. Defendants oppose the motion and it is fully briefed. The Court heard oral argument on the motion on December 13, 2007. For the following reasons, the Court concludes the motion for summary judgment should be denied.

**Background**.

This is a patent infringement action involving orthodontic brackets or braces. The patent at issue, U.S. Patent No. 5,630,715 ("the '715 Patent") describes an orthodontic bracket that incorporates within the bracket itself a mechanism, known as a clip or shutter, for closing the bracket. The clip or shutter is designed to retain what is known as the archwire. The archwire exerts force upon the teeth to move them into proper alignment. The brackets and wire combine to exert forces on the teeth to align the teeth. This type of bracket that incorporates a closing mechanism is known in the orthodontic field as a "self-ligating" bracket.

Plaintiff G.A.C. International, Inc. ("GAC") sells a self-ligating bracket to orthodontists under the name In-Ovation®. The In-Ovation® bracket is covered by the '715 Patent, and GAC has an

exclusive license to sell this product. Defendant Forestadent USA developed a self-ligating bracket which it began selling in the United States under the name "Quick® Selfligating Brackets" in 2006. Defendant Dyna Flex, Ltd. sells the Quick® Selfligating Bracket under the name "Dynaflex Self-Ligating Extreme (SLX)" bracket.[1] GAC and Orthoarm, the owner of the '715 Patent, filed this action against the defendants, alleging that the Quick Bracket products infringe at least Claims 1, 3 and 12 of the '715 Patent.

**Legal Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In the summary judgment context, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1371 (Fed. Cir. 2002).

The determination whether an accused device infringes the claims of a patent requires a two-step analysis. Pickholtz, 284 F.3d at 1371. First, a court must determine the scope and meaning of the patent claims asserted. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). Claim construction is a matter of law. Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). The Court has performed this step of the infringement analysis, as it construed the four disputed claim terms and phrases from the

---

[1] The Court refers to the Quick® Selfligating Bracket and Dynaflex Self-Ligating Extreme (SLX) bracket, collectively, as the "Quick-Bracket".

2

asserted claims of the '715 Patent in the Memorandum and Order on Claim Construction Regarding U.S. Patent No. 5,630,715 (Doc. 59), and the parties have stipulated as to the meaning of the other relevant terms. See Joint Claim Construction and Prehearing Statement (Doc. 54), and Stipulation Regarding Agreed Upon Construction of Terms and Phrases Formerly in Dispute(Doc. 50).

Second, a court must determine how the properly construed claims compare to the allegedly infringing device. Pickholtz, 284 F.3d at 1371. "Comparison of the claims to the accused device requires a factual determination that every claim limitation or its equivalent is found in the accused device." International Rectifier Corp. v. IXYS Corp., 361 F.3d 1363, 1369 (Fed. Cir. 2004). "Because infringement is a question of fact, infringement is properly decided at summary judgment only 'when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device.'" Id. (quoting Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001)).

**Discussion**.

Michael Wessinger, Head of Research and Development at Bernhard Foerster since 1991, and one of the designers of the Quick Bracket, testified that the Quick Bracket has no locking recess, which is an element of claims 1 and 12 of the '715 Patent. Mr. Wessinger testified that the Quick Bracket has no indentation or "small hollow" that "permits engagement by the locking body." Wessinger Decl., ¶ 6. Mr. Wessinger testified that the archwire slot consists of the space into which the clip of the Quick Bracket moves when in the closed position. Id., ¶ 11. Defendants contend there is no other "indentation" or "small hollow" in the Quick Bracket, and the archwire slot, a separate claim element, cannot also serve as the "locking recess." Mr. Wessinger testified that the Quick

3

Bracket does have a window into which the clip may extend, but that window does not hold the clip in place, id. , ¶ 19, and is not located in the labial face of the Quick Bracket. Id., ¶ 7.

Plaintiffs state that the Court construed the term "locking recess" to mean "an indentation or small hollow that permits engagement by the locking body." Pls.' Statement of Facts, ¶ 25. The parties stipulated that the term "labial face" means "the areas or surfaces present to view towards the lips of the patient." Id. Plaintiffs' expert, Dr. Laurance Jerrold, testified that the tie wings of the Quick Bracket have a locking recess in the labial faces. Id. Plaintiffs assert that Forestadent's own corporate designee, Stefan Foerster, testified that the Quick Bracket has a locking recess on the occlusal tie wings. Jerrold Decl., ¶ 16. Plaintiffs also assert that Dr. Jerrold's conclusion is confirmed by reference to the prosecution history of the '715 Patent and the prior art cited therein.

Applying the standards discussed above, the Court finds that genuine issues of material fact remain which preclude the entry of summary judgment. Issues of fact exist as to whether the accused Quick Bracket product contains all of the elements of the asserted claims of the '715 Patent, including but not limited to whether the Quick Bracket has a "locking recess" that "engages" with a "locking body" when in the closed position as required by the asserted claims. The Court cannot say that no reasonable jury could find that the accused Quick Bracket product does not infringe the '715 Patent. As a result, plaintiffs' motion for summary judgment of infringement should be denied.

**Conclusion**.

For the foregoing reasons, plaintiffs' motion for summary judgment of infringement should be denied. This matter is set for jury trial on February 25, 2008 at 9:00 a.m. A final pretrial conference will be scheduled at a later date.

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment of Infringement of Claims 1, 3 and 12 of U.S. Patent 5,630,715 is **DENIED**.  [Doc. 73]

                                                  */s/ Charles A. Shaw*
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of December, 2007.