ORTHOARM, INC., et al.,          )
                                    )
          Plaintiffs,         )
                                    )
      v.                      )        No. 4:06-CV-730 CAS
                                    )
FORESTADENT USA, INC., et al.,   )
                                    )
          Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Renewed Motion for Judgment as a Matter of Law and plaintiffs' Alternative and Joint Motion for a New Trial. Plaintiffs also move for oral argument on their motions. The defendants have opposed the motions and they are now fully briefed. For the following reasons, the Court will deny each motion.

This case was tried to a jury on August 18, 2008 through August 21, 2008. The jury returned its verdict in favor of defendants and against plaintiffs and the Court entered judgment accordingly.

**Motion for Judgment as a Matter of Law**.

Plaintiffs argue that the facts of this case, including the testimony of defendants' own witnesses, clearly demonstrate that there was insufficient evidence to support the jury's verdict in favor of the defendants.

"A jury verdict is entitled to extreme deference." Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1009 (8th Cir. 2008). In ruling on a motion for judgment as a matter of law, the district court must (1) consider the evidence in the light most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party; (3) assume as proved all facts that the prevailing party's evidence tended to prove; and (4) give the

prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. Ryther v. KARE 11, 108 F.3d 832, 844 (8th Cir.) (en banc), cert. denied, 521 U.S. 1119 (1997). That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence. Haynes v. Bee-Line Trucking Co., 80 F.3d 1235, 1238 (8th Cir. 1996) (citations and internal quotations omitted). Judgment as a matter of law is proper only when the evidence is such that, without weighing the credibility of witnesses, there is a complete absence of probative facts to support the verdict. Bailey v. Runyon, 167 F.3d 466, 468 (8th Cir. 1999); Ryther, 108 F.3d at 845.

Applying the foregoing standard, the Court finds that plaintiffs' renewed motion for judgment as a matter of law should be denied because there is not a complete absence of probative facts to support the verdict.

**Alternative and Joint Motion for New Trial**.

Plaintiffs argue they are entitled to a new trial on the grounds that (1) the jury verdict was against the weight of the evidence; (2) defendants repeatedly strayed from the Court's claim construction order despite this Court's pretrial order and evidentiary rulings at trial by arguing that the "locking recess" was required to be a structure; (3) the jury should not have been able to consider defendants' Exhibit CC, a collection of photographs which lack the requisite legal foundation and which misrepresent the design and operation of the accused product at issue, defendants' Quick Bracket; (4) Plaintiffs' Motion to Strike the Declaration of Michael Wessinger should have been granted and Michael Wessinger should not have been able to testify at the trial of this matter as an expert witness; and (5) the jury should have been able to consider plaintiffs' evidence of commercial embodiments of the patent-in-suit, including plaintiffs' Exhibits 49, 61, 62, 86, 87, and 88.

It is almost entirely within the discretion of the trial court whether to grant a new trial. <u>See</u> Federal Rule of Civil Procedure 59(a); <u>Belk v. City of Eldon</u>, 228 F.3d 872, 878 (8th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1008 (2001). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." <u>Gray v. Bicknell</u>, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required in order to avoid a miscarriage of justice. <u>Belk</u>, 228 F.3d at 878.

In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself and grant a new trial even where substantial evidence exists to support the verdict. <u>Dominium Mgmt. Servs., Inc. v. Nationwide Housing Group</u>, 195 F.3d 358, 366 (8th Cir. 1999). "Ultimately, the district court must determine if there will be a miscarriage of justice if the jury's verdict is allowed to stand." <u>Id.</u> (citing <u>White v. Pence</u>, 961 F.2d 776, 780 (8th Cir. 1992)). A miscarriage of justice occurs when there is insufficient evidence to support the verdict. <u>Douglas County Bank & Trust Co. v. United Financial Inc.</u>, 207 F.3d 473, 478 (8th Cir. 2000). For a violation of an in limine order to warrant a new trial, the order must be specific in its prohibition, the violation must be clear, and the violation must prejudice the parties or deny them a fair trial. <u>Pullman v. Land O'Lakes, Inc.</u>, 262 F.3d 759, 762 (8th Cir. 2001).

The Court has carefully considered plaintiffs' arguments with the foregoing standards in mind. The Court concludes that plaintiffs' alternative and joint motion for new trial should be denied because the jury's verdict represents neither a miscarriage of justice nor the denial of a fair trial.

**Conclusion**.

For the foregoing reasons, plaintiffs' post-judgment motions should be denied. Plaintiffs' motion for oral argument on the post-judgment motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Renewed Motion for Judgment as a Matter of Law is **DENIED**.  [Doc. 189]

**IT IS FURTHER ORDERED** that  plaintiffs' Alternative and Joint Motion for a New Trial is **DENIED**.  [Doc. 191]

**IT IS FURTHER ORDERED** that plaintiffs' motion for oral argument on their post-judgment motions is **DENIED**.  [Doc. 213]


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  21st  day of October, 2008.